United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-30775

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NELSON WILLIAMS, also known as Lil' Bo,

Defendant - Appellant.

———————————————————————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-22-1-J

———————————————————————————————————————————

Before JOLLY, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Nelson Williams (also known as "Lil' Bo") was indicted on six counts, all relating to the possession and distribution of crack cocaine. Specifically, Williams was charged with (1) conspiracy to distribute more than five but less than fifty grams of crack cocaine; (2) two counts of possession with intent to distribute crack cocaine; (3) distribution of crack cocaine; (4) possession of a firearm in furtherance of a drug trafficking crime; and (5) possession of a firearm by a felon.

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At trial, Williams moved for acquittal under FED. R. CRIM. P. 29(a). The district court denied the motion and the jury subsequently convicted Williams on all six counts. Williams now appeals the denial of his motion for acquittal, contending that the government failed to present sufficient evidence to sustain a conviction on any of the six charges against him.

I

We review the denial of a motion for acquittal de novo, applying the same standard as the district court in reviewing the sufficiency of the evidence. See United States v. Anderson, 174 F.3d 515, 522 (5th Cir. 1999). In determining whether there was sufficient evidence to sustain a defendant's conviction, we view the evidence and the inferences therefrom in the light most favorable to the verdict, and ask whether a rational juror could have found the defendant guilty beyond a reasonable doubt. Id.

It is evident that a majority of Williams's six points of error lack merit. Moreover, it is clear that this case has value only to the parties, who well understand the facts and issues. We therefore confine our substantive discussion to whether there was sufficient evidence to sustain Williams's conviction for (A) conspiracy to violate narcotics laws, and (B) possession of a firearm in furtherance of a drug trafficking crime.

A

In order to support a conspiracy conviction under 21 U.S.C. § 846, the government must show "(1) the existence of an agreement

2

between two or more persons to violate the narcotics laws, (2) that each alleged conspirator knew of the conspiracy and intended to join it, and (3) that each alleged conspirator did participate in the conspiracy". United States v. Puig-Infante, 19 F.3d 929, 936 (5th Cir. 1994). In this case, the government must show an agreement to "distribute and possess with intent to distribute more than five but less than fifty grams of crack cocaine", in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(3).

As an initial matter, it is abundantly clear that Williams and Tyrone Smith combined to distribute less than one gram of crack cocaine to an undercover officer on April 9, 2003. This fact alone, however, cannot support a finding that Williams and Smith engaged in a conspiracy to distribute additional quantities of cocaine. Nothing in the record suggests any ongoing agreement between the two. At trial, the government conceded that it could not link Smith to the cocaine seized from Williams's residence on November 12, 2003. Moreover, there is no evidence to suggest the existence of any unidentified third party with whom Williams might have conspired to distribute cocaine.

Given the utter lack of evidence on this point, no rational juror could have found beyond a reasonable doubt that Williams conspired to distribute more than five grams of crack cocaine. We therefore hold, as we must, that the district court erred in denying Williams's motion for acquittal on the conspiracy charge.

B

3

Turning to Williams's one remaining argument of note, we hold that the government presented sufficient evidence to sustain Williams's conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(i). In United States v. Ceballos-Torres, 218 F.3d 409 (5th Cir. 2000), we set forth a multi-factor test for determining whether possession of a firearm is "in furtherance" of a drug crime. The relevant factors include, inter alia, the "accessibility of the firearm, ... whether the gun is loaded, proximity to drugs or illegal profits, and the time and circumstances under which the gun is found". Id. at 414-15.

In the instant case, police found a loaded sawed-off shotgun and a nine millimeter pistol literally on top of thirty-three grams of cocaine and a digital scale in Williams's attic, as well as a loaded AK-47-style assault rifle hidden under the dresser in Williams's bedroom. Williams contends that, because the attic is relatively difficult to access -- the police were forced to climb on a chair to reach it -- so too were the shotgun and pistol, making it unlikely that they would be used "in furtherance" of a drug crime.

We need not linger long on this argument. Whatever difficulty Williams faced in accessing the shotgun and pistol, they were, without question, readily available to him when he needed them most -- i.e., when he was retrieving cocaine prior to making a sale. We therefore hold that the evidence adduced at trial was sufficient to

4

show that Williams's firearms afforded him added security while he engaged in the sale of narcotics.  Accordingly, the district court did not err in denying Williams's motion for acquittal on this count.

## II

For the foregoing reasons, we REVERSE the district court's denial of Williams's motion for acquittal on the charge of conspiracy to distribute and possess with intent to distribute more than five but less than fifty grams of crack cocaine, and VACATE Williams's conviction and sentence on that count.  The judgment of the district court is, in all other respects, AFFIRMED.

AFFIRMED in part; REVERSED and VACATED in part.